BURCKHALTER v. MITCHELL.

1. A defendant who, in ignorance of plaintiff's claim to a horse, honestly purchased it from one who had tortiously obtained possession, is entitled to demand before action is brought against him for its recovery.
2. Whether a demand was made is a question of fact which was properly left to the jury.
3. The complaint alleged that defendant wrongfully detained a chattel, for the recovery of which the action was brought, and the answer was a general denial. *Held*, that the absence and necessity of a demand before action, is not an affirmative defence, but might be insisted upon by defendant under his general denial.

Before WITHERSPOON, J., Barnwell, November, 1886.

This was an action in claim and delivery by W. M. Burckhalter against Jonathan Mitchell. The opinion states the case.

July 20, 1887. The opinion of the court was delivered by

MR. JUSTICE McIVER. This case was submitted on the record filed here, consisting solely of the "Case" and grounds of appeal, without any points or authorities, or argument, either oral or written, on either side.

The action was brought to recover possession of a horse, alleged to be the property of the plaintiff, unlawfully withheld from his possession by the defendant, and damages for such detention. The defence was a general denial. The plaintiff claimed to have obtained the horse from one Samp. Sellers, shortly before his death in 1876, by an alleged gift made by said Sellers while on his death-bed, and that he retained possession until the latter part of 1882, when under protest he surrendered possession to one Wall, who had married a niece of Miss Nancy Sellers, who also set up some claim to the horse, and that Wall traded the horse to the defendant. The circumstances under which the plaintiff was induced to surrender the possession to Wall do not very clearly appear from the testimony; but it would seem that there was some dispute as to the right to the horse between the wife of Wall and the plaintiff—she claiming that the horse belonged to her aunt, Miss Nancy Sellers, from whom she obtained the animal, and that the services of a trial justice were in some way, not explained, brought into requisition, who either directed or advised the surrender of the horse to Wall. The defendant, under his trade with Wall, retained possession of the horse for several years before this action was brought, without any notice or knowledge of the claim of the plaintiff, as he alleged, and without any demand for his delivery before the commencement of this action, the plaintiff, however, undertaking to show that there was such demand.

The Circuit Judge in his charge, which appears to be fully set forth in the "Case," instructed the jury that they must first inquire whether the plaintiff had made out his title to the horse; and if so, then whether the defendant had acquired the possession of the horse wrongfully or innocently, without any notice or

knowledge of the plaintiff's claim; for if he had come into possession wrongfully, then no demand was necessary, but if, on the other hand, he had honestly acquired possession from Wall, without notice of plaintiff's claim, then a demand would be necessary, even though Wall may have wrongfully acquired his possession. The jury found for the defendant, and the plaintiff appeals upon the following grounds:

"1. Because his honor held in this case demand from the plaintiff was necessary before plaintiff could recover the horse in question.

"2. Because his honor charged the jury that if they believed, from a clear preponderance of the evidence, that there was no demand upon the defendant for the property in dispute, then their verdict must be for the defendant.

"3. Because his honor held and charged the jury that it made no difference that defendant obtained possession of said property from one whose possession was tortious, so that defendant did not know of it, and that the principle of an innocent purchaser for valuable consideration applies. That if the jury believe that defendant bought the horse from one whose possession was wrongful, but that defendant was ignorant of the nature of said possession, then he was an innocent purchaser for valuable consideration against the plaintiff, and no recovery could be had.

"4. Because his honor erred in submitting to the jury the question of what is a demand.

"5. Because, even admitting that a demand in this case was necessary, it is respectfully submitted, that there was evidence tending to show that defendant held possession of said horse with notice of plaintiff's claim, and an answer denying each and every allegation put in issue the title and right of possession only, and hence the proof of plaintiff's title having been made, the plaintiff was entitled to recover."

Of course, we can only know what instructions were given to the jury by the Circuit Judge by an examination of his charge as set forth in the "Case." From such examination it is quite clear that the judge neither held nor charged as is represented in the first and second grounds of appeal. He did not instruct the jury that a demand was necessary "in this case;" nor did he

charge that if they believed from a clear preponderance of the evidence that there was no demand, "then their verdict must be for the defendant." On the contrary, he very plainly told the jury that it would depend upon what view of the testimony they took, as to the wrongful or innocent possession of the defendant, whether a demand was necessary. The character of defendant's possession was a question of fact for the jury to determine. If they solved that question in one way, then no demand was necessary, but if in the other, then a demand was necessary, and in that event it was for the jury to determine, as a question of fact, whether there was a demand.

The third ground, as we understand it, raises the question whether, in the event the jury believed that the defendant had honestly acquired possession, in ignorance of plaintiff's claim, even though the person from whom he acquired such possession may have been a wrong-doer, a demand was necessary. We agree with the Circuit Judge (who, however, does not seem to have said what is attributed to him, in this ground, as to a purchaser for valuable consideration without notice) that one who is thus in possession cannot be mulcted in costs until some demand is made upon him by the rightful owner to surrender possession. Until such demand is made and refused he is no wrong-doer, for having acquired the property in question honestly, without any notice or knowledge of the claim of any one else, he does no wrong by simply retaining such possession until demand and refusal, for it is then only that his wrong begins. Where, however, one acquires possession wrongfully and with notice of another's claim, then no demand is necessary, for his wrong in that case begins with his possession.

As to the fourth ground of appeal, we must say that we do not clearly understand what question was proposed to be raised by it. Whether a demand was made is certainly a question of fact, and that question was properly left to the jury.

As to the fifth ground, we are somewhat in the same condition. If the proposition presented by this ground is that, under a general denial, the defendant cannot raise the question whether there was a demand, we do not think it can be sustained. The fact that there was a demand, under one of the views of the testimony

in this case, being a fact necessary to be established by the plaintiff, the defendant could, of course, dispute such fact under a general denial. It is not one of those affirmative defences which must be set up in the answer in order to warrant the introduction of testimony to establish it; and although there may have been testimony tending to show that the defendant acquired or held possession with notice of plaintiff's claim, it was for the jury to say whether such testimony was to be believed; and if so, whether it was sufficient to establish the fact of wrongful possession by the defendant. There was no allegation of a demand in the complaint, which, in the absence of a denial, should have been accepted as true. Indeed, the allegation of wrongful detention by the defendant, which was made in the complaint, superseded the necessity for any allegation of a demand; for, as we have seen, if the allegation of wrongful possession was true, then no demand was necessary.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.